IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK H. CRAWFORD, MELISSA MATTHEWS, DURAND L. ODOM, and NELSON W. RHONE, JR., <br><br> Plaintiffs, <br><br> WILLIAM P. BARR <br> U.S. Attorney General <br> United States Department of Justice <br> Washington, DC 20530 <br><br> UNITED STATES ATTORNEY'S OFFICE <br> DISTRICT OF COLUMBIA <br><br> Serve on: <br><br> Civil Process Clerk <br> United States Attorney's Office <br> 555 4th Street, NW <br> Washington, DC 20530 <br><br> - and - <br><br> WILLIAM P. BARR <br> U.S. Attorney General <br> Office of the Attorney General <br> U.S. Department of Justice <br> 950 Pennsylvania Ave, NW <br> Washington, DC 20530 <br><br> Defendant. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiffs, Mark H. Crawford, Melissa Matthews, Durand Odom, and Nelson W. Rhone, Jr., by and through their undersigned counsel, file this Complaint against Defendant, Hon. Jeffrey B. Sessions, III, in his official capacity as Attorney General, and the United States Attorney's Office, District of Columbia, for violations of the federal anti-discrimination laws committed by the Defendants against the Plaintiffs and in support thereof, allege as follows:

**PARTIES**

1. Plaintiff, Mark H. Crawford, is a resident of Prince George's County, MD and is currently employed as a Criminal Investigator (Series 1811) (GS-12) in the United States Attorney's Office, District of Columbia's ("USAO") Superior Court Division.

2. Plaintiff, Melissa Matthews, is a resident of Prince George's County, MD and is currently employed as a Criminal Investigator (Series 1811) (GS-12) in the United States Attorney's Office, District of Columbia's ("USAO") Superior Court Division.

3. Plaintiff, Durand Odom, is a resident of Prince George's County' MD and is currently employed as a Criminal Investigator (Series 1811) (GS-12) in the United States Attorney's Office, District of Columbia's ("USAO") Superior Court Division.

4. Plaintiff, Nelson W. Rhone, Jr., is a resident of Prince George's County, MD and is currently employed as a Criminal Investigator (Series 1811) (GS-12) in the United States Attorney's Office, District of Columbia's ("USAO") Superior Court Division.

5. Each Plaintiff has had a long and distinguished career in law enforcement and service to their country.

6. Hon. Jeffrey B. Sessions, III, is sued in his official capacity as Attorney General of the United States. The USAO is a department within the Attorney General's office.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(e) because a substantial portion of the events giving rise to the claim took place within the District of Columbia, where the Plaintiffs worked at the time of the events described herein and where the headquarters of Defendant is located.

## COUNT I ON BEHALF OF EACH PLAINTIFF

9. Title VII of the Civil Rights Act of 1964 (Title VII) makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment because of such individual's . . . race" 42 U.S.C. Section 2000e-(2)(a)(1).

10. Title VII also makes it an unlawful employment practice for an employee "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII] . . . or because he has made a charge . . . under [Title VII]," 42 U.S.C. 2000e-3(a).

11. Each Plaintiff has engaged in protected conduct under Title VII by previously filing a complaint against the Defendants under Lilly Ledbetter Fair Pay Act of 2009, which is currently pending in the United States District Court, District of Columbia.

12. Subsequent to filing the Lilly Ledbetter Complaints, each Plaintiff suffered adverse employment actions as follows:

The Defendants subjected Plaintiffs to a hostile work environment based on race (Black) and reprisal for engaging in EEO activity when, on or about April 25, 2017, April 27, 2017, and May 9. 2017:

a) the Defendants denied them the opportunity to fully perform their duties and to work on District Court cases;

b) the Defendants denied them the opportunity to participate in Federal Task Force assignments;

c) the Defendants assigned them duties that were below their GS grade; and

d) the Defendants removed duties from their performance work plan.

## Count II on Behalf of Each of the Plaintiffs

13. Similarly situated white Criminal Investigators in the United States Attorney's Office New Jersey, the United States Attorney's Office-Eastern and Southern Districts of New York and the

United States Attorney's Office-District of Columbia, District Court Division ("USAO") were being allowed to perform the full investigative scope of the GS-1811 Criminal Investigator series to include a wide range of investigations, Task Force participation, etc. Plaintiffs' duties were repressed and restricted compared to their similarly situated Criminal Investigators.

14. In 2011, the Executive Office of the United States Attorney ("EOUSA") created and placed similarly situated white Criminal Investigators in the USAO-NJ, the USAO-Eastern and Southern Districts of New York and USAO-District of Columbia, District Court Division under one standard Position Description for the GS-1811 series. In 2015, the EOUSA was fully aware that a few months early the Plaintiff-Black Criminal Investigators in the USAO-DC alleged via an Equal Employment Opportunity complaint advised that there were 6 work plans for 10 Criminal Investigators in the USAO-District of Columbia. Of those 6 work plans, the aggrieved black Criminal Investigators were not allowed to perform the full scope of their work plans while the similarly situated white Criminal Investigators were promoted/hired into the Senior, Lead and Supervisory Criminal Investigator positions.

15. The Plaintiff-Black Criminal Investigators learned that diversity is an issue within the EOUSA 1811 program; that 8 % of the Criminal Investigators are black and they are primarily journeymen GS-12s with 1 black Criminal Investigator in the USAO-District of Columbia is a GS-13, while similarly situated white Criminal Investigators encompass 91% of the Criminal Investigator positions and the majority are GS-13s with 1 white Criminal Investigator in the USAO-District of Columbia is a GS-12. Prior to filing the EEO complaint, black Criminal Investigators filed a Freedom Of Information Act ("FOIA") request for the previous requested information. The EOUSA refused to release the newly acquired information. The EOUSA stated during the meeting that the USAO-District of Columbia was the only district operating under more than one Position Description. The EOUSA acknowledged the unfairness of the classification system in the USAO-District of Columbia.

16. The EOUSA claimed they have been trying to create a GS-14 1811 position for the supervisor within the USAO-District of Columbia for years, which confirmed the allegation of pre-selection made by the black Criminal Investigators in 2015 against the USAO-District of Columbia and the EOUSA.

17. The Plaintiff-Black Criminal Investigators learned that similarly white Criminal Investigators in the USAO-New Jersey, the USAO Eastern and Southern District of New York and the USAO-District of Columbia, District Court Division were assigned to Federal Task Forces such as the FBI's Violent Crimes Task Force (VCTF) and Joint Terrorism Task Force (JTTF). The Plaintiff-Black Criminal Investigators have drafted proposals and sent emails inquiring about participating in Federal Task Forces to no avail.

18. The Plaintiff-Black Criminal Investigators learned that Supervisor Christopher Brophy was assigning them Misdemeanor investigations, which he knew would reduce their OPM Job Classification Standards below a GS-12 grade level.

19. The Plaintiff-Black Criminal Investigators learned that Supervisor Christopher Brophy was assigning to a newly hired similarly situated white Criminal Investigator District Court cases while assigning the Plaintiff-Black Criminal Investigators cases that have kept them at the GS-12 level (Witness Conferences and Subpoena Service).

20. The Plaintiff-Black Criminal Investigators in the USAO-District of Columbia learned from Timothy George that White General Investigators GS-1810s who assist the similarly situated White Criminal Investigators with their criminal investigations were also GS-13s. White General Investigators who assist the similarly situated White Criminal Investigators were a higher grade than the Plaintiff-Black Criminal Investigators.

21. The Plaintiff-Black Criminal Investigators in the USAO-District of Columbia learned from Timothy George that the white General Investigators GS-1810s have been promoted to Criminal

Investigators by the EOUSA. The EOUSA was completely aware of the EEO complaint filed by the black Criminal Investigators seeking just and fair treatment.

22. The Plaintiff-Black Criminal Investigators learned that approximately 10 white Criminal Investigators have been promoted to GS-13 without attending CITP training.

23. Assistant Director Timothy George advised the attendees of the meeting that he always felt that all the USAO-District of Columbia, Superior Court Division Criminal Investigators should be GS-13s, which is a complete contradiction to his statements in a questionnaire during the 2015 Plaintiff-Black Criminal Investigators EEO investigation.

24. The Plaintiff-Black Criminal Investigators learned that there is no Internal Affairs Division process, Office of Professional Responsibility process and the Office of the Inspector General for the Department of Justice, which refuse to investigate allegations of wrongdoing or whistleblower protected offenses made by the black Criminal Investigations against Christopher Brophy. The Plaintiff-Black Criminal Investigators provided a detailed account of violations committed by the white Supervisor Christopher Brophy in their previous EEO complaint and two plus years later no action has been taken to improve the hostility, preferential treatment, and discriminatory environment being imposed by Supervisor Christopher Brophy, Division Chief Richard Tischner, and Executive for Management Denise Clark.

25. The Plaintiff-Black Criminal Investigators learned in the April 25, 2017 staff meeting that Lead Criminal Investigator (Computer Forensic Examiner) John Marsh admitted that Durand Odom, who was previously denied an accepted issue of reprisal with the EOUSA/EEO was supposed to attend Computer Forensics Training at the Federal Law Enforcement Training Center. According to John Marsh the slot for training had been identified for him to attend however during a 2012 conversation with Criminal Investigator Nelson Rhone, Marsh stated, "Durand will never step foot in the Computer Lab as long as he was employed." Since filing an EEO complaint, Durand Odom and Nelson Rhone have been

denied the ability to conduct forensic examinations. Revelation of this denial has been made by AUSA's assigned to the office informing the examiners that their Division Chiefs and Deputies have been directing them to have all forensic work conducted by John Marsh, which Supervisor Christopher Brophy is completely aware. John Marsh's statement during the April 25, 2017 meeting is a complete contradiction to the EEO complaint filed by Durand Odom and Nelson Rhone and thus opened the door for a retaliation complaint under the 45-day rule.

26. Since the formal filing of the EEO complaint with the EOUSA, the aggrieved parties learned that management in the USAO-District of Columbia removed a mandatory requirement within the work plan of the GS-12 Criminal Investigators. The work plan identified the mobile forensic examinations as a mandatory requirement and made it optional and then devised a plan to eliminate as much work as possible from being performed by the black criminal investigators. Since the Plaintiff-Black Criminal investigators filed an EEO complaint all work is now funneled through Supervisory Criminal Investigator Christopher Brophy to Lead Criminal Investigator John Marsh. Supervisory Criminal Investigator Brophy advised Criminal Investigator Nelson Rhone that he would no longer be assigned new forensic examinations. Again, documented proof.

27. On April 27, 2017, the Plaintiff-Black Criminal Investigators learned through the USAO Case View that Supervisor Christopher Brophy assigned similarly situated white Criminal Investigators, District Court cases while denying the black Criminal Investigators the opportunity to work District Court cases. Again, documented proof.

28. The Plaintiff-Black Criminal Investigators learned that USAO-District of Columbia AUSA Karla-Dee Clark, who is assigned to the District Court Division would routinely ask for investigative assistance on ongoing federal investigations from the Superior Court Division Criminal Investigators and was told, "no" by Christopher Brophy who allowed only similarly situated white Criminal Investigators the opportunity.

29. The Plaintiff-Black Criminal Investigators learned that USAO-District of Columbia, District Court Division Deputy Chief Gilberto Guerrero would routinely ask for investigative assistance from the Superior Court Division Criminal Investigators and would be told, "no" by USAO-District of Columbia Superior Court Division Chief Richard Tischner.

30. After the April 25, 2017 staff meeting, while Christopher Brophy was going through his updated security clearance, the black Criminal Investigators learned that the allegations of wrongdoing made against Brophy by the black Criminal Investigators during their 2015 EEO investigation were not in his personnel jacket. Allegations of purchasing items for a non-government employee while using government funds, directing his employees to lie on their timesheets "Ghost Days", denying employee pay for overtime earned, directing an employee to violate the USAP regulations on vehicles, giving his confidential WALES/NCIC username and password to a contract employee and creating a hostile work environment, etc.

31. On Friday, May 19, 2017, the Plaintiff-Black Criminal Investigators learned from the former District Office Security Manager, Sha-kil Moss that when the USAO-District of Columbia Criminal Investigator Juan Juarez retired that an AUSA sent him an email requesting assistance from a Criminal Investigator. The case involved Public Corruption and investigated in the District Court Division. The Plaintiff-Black Criminal Investigators learned that again Christopher Brophy assigned the case to himself. Brophy was purposely with malicious intent denying the black Criminal Investigators the ability to improve their standing within the USAO-District of Columbia and the EOUSA. The Plaintiff-Black Criminal Investigators alleged this type of activity during their 2015 EEO complaint.

32. On Friday, May 19, 2017, the Plaintiff-Black Criminal Investigators learned from the former District Office Security Manager, Sha-kil Moss, during the month of May 2017, he attended a lunch with Lee Pensmith, Nathaniel Hawkins and Annette Ortega. During the Luncheon, he learned that Christopher Brophy was suspended, given a cash award and a time-off award for the Chandra Levy

investigation during the same rating cycle period. According to Moss, during the lunch; Pensmith, Hawkins and Ortega told him Richard Tischner, Michelle Jackson and Denise Clark concocted a means to use Government funds to give Brophy a cash award for the Levy Criminal Court case which was later dismissed by the District of Columbia Superior court. Brophy along with AUSAs were admonished by the USAO-District of Columbia for the Levy case and suspended for 2 weeks. In addition to the cash award for the dismissed case, Brophy was given a 2 week-time off award so he could go on vacation. Moss has filed an accepted Issue with the Equal Employment Opportunity Commission (EEOC) alleging the same complaints. Allegations that were made by the Plaintiff-Black Criminal Investigators.

33. On Friday, May 19, 2017, the Plaintiff-Black Criminal Investigators learned that the USAO-District of Columbia has a white General Investigator who is a GS-13 making him a higher grade than the black Criminal Investigators.

Management officials continually foster a discriminatory and retaliatory environment that rewards personnel based on personal feelings and preselection versus performance of duties and qualifications in accordance with policies, procedures, and guidelines.

34. The adverse actions described in paragraphs 9-33 above were causally related to the protected activity. Each of the adverse actions occurred subsequent to the filing by the Plaintiffs of their pending EEO cases and in such temporal proximity to the EEO filings that a causal relationship is suggested by temporal proximity alone.

35. The Defendants have failed to proffer any bona fide legitimate non-discriminatory reason for the adverse actions described in paragraphs 9-33 above. In fact, the Defendants have not proffered any business reasons for the specified adverse actions.

36. The adverse actions specified above were motivated in whole or part in reprisal for the filing by the Plaintiffs of their Lilly Ledbetter Claim.

37. The Plaintiffs have exhausted their administrative remedies.

WHEREFORE, Plaintiffs pray for judgment against Defendants that provides the following relief:

a. An order for Defendants to place each Plaintiff in the position he or she would have held but for Defendants' discriminatory treatment;

b. Compensatory damages;

c. Punitive damages;

d. Reasonable attorneys' fees and costs;

e. Interest as allowed by law; and

f. for such other and further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff requests a trial by jury with respect to all issues as triable.

Dated: February 21, 2019

Respectfully submitted,

BY: /s/ Lawrence Berger

Lawrence Berger, Esq.

Mahon & Berger, Esqs.

70 Glen Street, Suite 249

Glen Cove, New York 11542

516 671 2688

lberger@lbfedlaw.com